and judgment support a policy that tends to curb excessive insurance on the life of children. We discern no reason for such insurance to an amount more than is necessary for expenses during the last illness and for burial.

For the reasons above indicated we are of the opinion that there can be no recovery, and the judgment is reversed and judgment of *nil capiat* will be entered in this court.

*Judgment reversed and judgment here.*

---

**The People of the State of Illinois ex rel. Harry H. Hammerschleg, Defendant in Error, v. City of Chicago et al., Plaintiffs in Error.**

**Gen. No. 21,795.   (Not to be reported in full.)**

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded with directions. Opinion filed April 10, 1916.

### Statement of the Case.

Petition for mandamus by the People of the State of Illinois on the relation of Harry H. Hammerschleg against the City of Chicago *et al.*, respondents. From a judgment in favor of relator, defendants bring error.

Petitioner filed his amended petition for a writ of mandamus to compel the City of Chicago, the civil service commissioners, the fire marshal and the city comptroller to place his name on the roster of the fire department and upon the fire department pay roll of the City of Chicago as a pipeman, with the right to

enter upon his duties as pipeman and receive the salary therefor as he had prior to his removal from the service on or about July 25, 1908. To this amended petition a general demurrer was filed and overruled. Respondents elected to stand by the demurrer, and judgment was rendered that a writ of mandamus issue.

Samuel A. Ettelson, for plaintiffs in error; Roy S. Gaskill, of counsel.

Fulton, Garey & Deutschman, for defendant in error.

Mr. Presiding Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

1. Mandamus, § 1*—*when will not lie.* Mandamus will not issue unless the party applying for it shows a right which is clear and undeniable.

2. Civil service, § 27*—*when petition in mandamus to compel reinstatement of pipeman in fire department insufficient.* A petition for mandamus for the reinstatement of petitioner in the office of pipeman in the fire department of the City of Chicago, which alleges the passage of a city ordinance creating such fire department and describes such ordinance in the petition as providing that the fire department shall include "such numbers of * * * pipemen * * * and employees as the city council may by ordinance provide," is insufficient as such ordinance contemplates a further ordinance by the city establishing the number of pipemen in the fire department, and such latter ordinance should be pleaded.

3. Civil service, — *what does not constitute establishment of an office.* The fact that the civil service commission establishes a classification of offices and places of employment does not establish the office itself.

4. Civil service, § 27*—*when petition of mandamus to compel reinstatement of pipeman in fire department insufficient.* Where petitioner for mandamus for reinstatement to the office of pipeman in the Chicago fire department alleged his discharge by the chief of such department but failed to allege in what manner the chief did not comply with provisions of the civil service act and civil service

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

rules, providing that original appointments shall be on probation for a period of six months, and that if any probationer, upon fair test, shall be found incompetent or unqualified to perform the duties of the position, the appointing officer shall so certify to the commission, and the head of the department may, with the consent of the commission, discharge him upon assigning in writing his reasons, *held* that the petition was insufficient.

---

## Matensz Ozech, Appellee, v. International Harvester Company of New Jersey, Appellant.

### Gen. No. 21,822.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916. Rehearing denied April 24, 1916.

### Statement of the Case.

Action by Matensz Ozech, plaintiff, against International Harvester Company of New Jersey, defendant, for damages caused by injuries sustained through an explosion in a small foundry connected with defendant's plant. From a verdict and judgment for $1,250 in favor of plaintiff, defendant appeals.

The cupola or furnace in the foundry was cylindrical in shape, four feet in diameter, resting on four legs which were about five feet high, standing on a concrete foundation. The upper part of the cupola extended through the roof. The bottom consisted of two semicircular steel doors which when closed were kept to place by two steel props; when closed the contents of the cupola were retained; when open the contents dropped out. The cupola was loaded with alternate layers of iron and coke from a second floor, which was called the charging platform, occasionally